**German Antonio MARROQUIN
SANCHEZ, Petitioner,**

v.

**Alberto R. GONZALES,* Attorney
General, Respondent.**

No. 04–70221, A70–785–103.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.**

Decided June 22, 2005.

German Antonio Marroquin Sanchez, Los Angeles, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre,

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Margaret Perry, Melissa Neiman–Kelting, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

MEMORANDUM***

German Antonio Marroquin Sanchez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which summarily affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence an adverse credibility determination. *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001).

Because the IJ offered specific, cogent reasons for questioning Sanchez's credibility, and because Sanchez has not shown that the evidence compels a conclusion to the contrary, substantial evidence supports the IJ's adverse credibility determination. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Sanchez did not establish eligibility for asylum. Therefore, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

Sanchez has waived his claim for relief under the CAT by failing to raise any arguments in his opening brief challenging the BIA's denial of this claim. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

